UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| JASMINE VIVEROS and ELSY QUIJADA,<br>**Plaintiffs,**<br><br>v.<br><br>GET CERTIFIED AMERICA!, LLC,<br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, by and through the undersigned counsel, hereby brings this action for unpaid minimum wages and unpaid overtime wages violations against Defendant pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA") and the Florida Minimum Wage Act ("FMWA"). Plaintiffs allege that Defendant violated the FLSA and FMWA by failing to pay Plaintiffs minimum wages for all hours worked in a workweek. Defendant violated the FLSA by not paying Plaintiffs overtime wages for all hours worked beyond 40 in a single workweek. In support of their Complaint, Plaintiffs state as follows:

Parties

1. Plaintiff, Jasmine Viveros, lives in Jacksonville, Florida and was employed by Defendant as a Scheduling Coordinator.

2. Plaintiff, Elsy Quijada, lives in Jacksonville, Florida and was employed by Defendant as a Proctor.

3. Defendant is a for-profit company that specializes in providing professional certification and training services conducting business in Duval County, Florida.

## Jurisdiction

4. Defendant employed Plaintiffs as in Duval County, Florida.

5. All events giving rise to this action occurred in Duval County, Florida.

6. Plaintiffs bring this action pursuant to the FLSA.

7. This Court has federal question jurisdiction over Plaintiffs' FLSA claim.

## Facts

8. Plaintiffs were employed by Defendant and performed their duties diligently during their tenure.

9. Defendant employed Plaintiff, Jasmine Viveros, as an hourly employee at a rate of $18.00 per hour.

10. Defendant employed Plaintiff, Elsy Quijada, as an hourly employee at a rate of $20.00 per hour.

11. Plaintiff Jasmine Viveros is owed a total of approximately $9,900 for approximately 550 unpaid hours at a rate of $18 per hour.

12. Ms. Viveros was not paid at all for 550 hours. Failure to pay Ms. Viveros minimum wage violates the FLSA.

13. Plaintiff Elsy Quijada worked approximately 55 hours per week from March 13, 2023, to July 7, 2024.

14. During that period of time, Plaintiff Quijada was not paid for approximately 870 hours of work.

15. Indeed, Plaintiff Quijada was not paid at all for 870 hours.

16. Failure to pay Ms. Quijada minimum wage violates the FLSA.

17. Defendant did not pay Plaintiffs minimum wages for *all* hours worked in a single workweek during their employment with Defendant.

18. At all times relevant to this action, Plaintiffs worked for Defendant and performed services for Defendant in Duval County, Florida.

19. During their employment, Plaintiffs worked approximately 50 hours per week on a regular basis.

20. Plaintiffs desired to be paid at least minimum wages for all hours worked in a single workweek required by the FLSA.

21. Defendant engaged in an illegal policy of suffering and permitting Plaintiffs to work and did not pay Plaintiffs the complete wages for *all* hours worked by Plaintiffs.

22. Plaintiffs complained about the unpaid hours, but Defendant failed to address these issues.

23. Additionally, Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiffs overtime wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiffs without compensating Plaintiffs for the work provided. Essentially, Defendant engaged in involuntary servitude.

24. Plaintiffs routinely worked more than 40 hours per week and were not paid overtime wages for those hours worked beyond 40 in a single workweek.

25. As of this filing, Plaintiffs still have not been paid the entirety of their wages and has not been compensated for the full extent of their damages and wage loss under the FLSA.

26. Plaintiffs seek full compensation, including unpaid minimum wages, unpaid overtime wages, back pay, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiffs their earned wages was a calculated attempt to extract additional work out of Plaintiffs for the benefit of Defendant.

27. Defendant is a for-profit corporation that operates and conducts business in, among others, Duval County, Florida, and is therefore, within the jurisdiction of the Court.

28. Defendant, at all relevant times to this complaint, was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

29. This action is brought under the FLSA to recover from Defendant unpaid wages in the form of unpaid minimum wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

30. The Court has jurisdiction over Plaintiffs' claims as all material events transpired in Duval County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

31. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Defendant's operation based on its scope and revenue, is alleged to meet the enterprise coverage requirements with an annual volume of at least $500,000.00 and engagement in commerce. Based upon information and belief, Defendant earned more than $500,000 in the three years prior to this action.

32. Defendant engages in interstate commerce by administering and proctoring exams that have been created out-of-state and have been sent to Florida Defendant also administers and proctors exams outside of Florida in the normal course and scope of Defendant's business. Defendant also regularly communicates with, and interacts with, entities located outside of Florida for the purpose of providing certifications.

33. Plaintiffs engaged in activities impacting commerce, such as receiving books, papers, materials, and tests that were sent to Defendant from out-of-state.

34. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs for all hours worked during their employment.

35. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiffs with providing even greater specificity regarding the precise number of hours worked by Plaintiffs during each week of their employment.

36. Plaintiffs have been financially damaged by Defendant's failure to properly compensate Plaintiffs for all hours worked.

37. On December 11, 2024, Plaintiffs sent a demand letter to Defendant specifying the amount of unpaid minimum wages owed to Plaintiffs. More than 15 days have passed, and Defendant has not paid the outstanding wages.

## COUNT I –UNPAID MINIMUM WAGES UNDER FLSA

38. Plaintiffs reincorporates and readopts all allegations contained within Paragraphs 1-37, above.

39. Plaintiffs were employed by Defendant and were, at all times, protected by the FLSA.

40. Defendant violated the FLSA by failing to compensate Plaintiffs at least the appropriate minimum wage for all hours worked per week.

41. Plaintiffs worked approximately 55 hours per week but were not paid at least minimum wage for the total of hours worked.

42. Plaintiffs were damaged as a result of Defendant's failure to pay Plaintiff wages for all hours worked by Plaintiffs for Defendant.

43. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

44. Plaintiffs demand jury trial.

## COUNT II –UNPAID MINIMUM WAGES UNDER FMWA

45. Plaintiffs reincorporates and readopts all allegations contained within Paragraphs 1-37, above.

46. Plaintiffs were employed by Defendant and were, at all times, protected by the FMWA.

47. Defendant violated the FMWA by failing to compensate Plaintiffs at least the appropriate minimum wage for all hours worked per week.

48. Plaintiffs worked approximately 55 hours per week but were not paid at least minimum wage for the total of hours worked.

49. Plaintiffs were damaged as a result of Defendant's failure to pay Plaintiff wages for all hours worked by Plaintiffs for Defendant.

50. As a result of Defendant's willful violation of the FMWA, Plaintiffs are entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

51. Plaintiffs demand jury trial.

## COUNT III – UNPAID OVERTIME WAGES

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-37, above.

44. Plaintiffs were employed by Defendant and was, at all times, protected by the FLSA.

45. Plaintiffs were hourly, non-exempt employees.

46. Plaintiffs were entitled to receive one-and-one-half times their regular rate for all hours worked beyond 40 in a single work week.

47. Plaintiffs regularly worked beyond 40 hours in a single workweek.

48. Defendant engaged in an illegal policy of not paying Plaintiffs premium wages for all hours worked beyond 40 in a single work week.

49. Plaintiffs were damaged as a result of Defendant's failure to pay Plaintiffs premium wages for all hours worked beyond 40 in a single workweek.

50. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

51. Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, including reimbursement for unpaid minimum and overtime wages, liquidated damages, costs, and attorney's fees under the FLSA and FMWA, and other relief as deemed proper by this Court.

DATED April 11, 2025.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com