# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JASMINE VIVEROS and
ELSY QUIJADA,

    Plaintiff,

v.                                   Case No.   3:25-cv-393-MMH-SJH

GET CERTIFIED AMERICA!, LLC,

    Defendant.

## FLSA SCHEDULING ORDER

Because this case is brought under the Fair Labor Standards Act, the Court has designated it for special handling. Therefore, consistent with the "just, speedy, and inexpensive administration of justice" pursuant to Rule 1, Federal Rules of Civil Procedure (Rule(s)), and the Court's pretrial management authority under Rule 16, it is hereby:

**ORDERED** that the provisions of Rule 26(a)(1) and Local Rule 3.02, United States District Court, Middle District of Florida (Local Rule(s)) concerning the initial disclosures and filing of a case management report are hereby waived.[1] Instead, the parties shall comply with the following schedule:

---

[1] While the Court is waiving specific provisions of the Rules and Local Rules at this time, all parties shall read and otherwise comply with the Local Rules of this Court.

1. With the first appearance, each party must file a disclosure statement in accordance with Local Rule 3.03.

2. No later than 15 days after appearance of any Defendant, Plaintiff shall answer the Court's Interrogatories (attached to this Order) under oath or penalty of perjury, serve a copy on Defendant, and file the answers with the Court entitled "Notice of Filing Answers to Court's Interrogatories."

3. No later than 30 days after Plaintiff files Answers to the Court's Interrogatories, Defendant shall serve on Plaintiff and file with the Court a Verified Summary of all hours worked by Plaintiff during each relevant work week, the rate of pay and wages paid, including overtime pay, if any. No later than 30 days after Plaintiff files Answers to the Court's Interrogatories, Defendant also shall serve on Plaintiff (but not file) a copy of all time sheets and payroll records that support or relate to the time periods in the Verified Summary.

4. No later than 30 days after Defendant files the Verified Summary, counsel for Plaintiff and Defendant shall meet and confer <u>in person</u> in a good faith effort to settle all pending issues, including attorneys' fees and costs.[2] Counsel shall have full authority to settle, and shall set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully

---

[2] In the case of an individual party who is not represented by counsel, the individual shall comply with the provisions of this Order.

resolve the case by agreement. Exceptions to the requirement of meeting in person rarely will be granted; the parties are encouraged to make efforts to resolve this matter prior to the in-person meeting deadline (via telephone or otherwise).

5. No later than 10 days after the settlement conference, counsel shall jointly file a Report Regarding Settlement that notifies the Court whether: 1.) the parties have settled the case; 2.) the parties have not settled but wish to continue settlement discussions for a specific period of time; 3.) the parties wish to engage in a formal mediation conference before a specific mediator on or before a specific date; 4.) either party requests a settlement conference before the United States Magistrate Judge; or 5.) the parties have exhausted all settlement efforts and will immediately file a Case Management Report[3] signed by counsel for all parties.

6. The parties may consent to conduct all further proceedings in this case before the United States Magistrate Judge.[4] Absent consent, the Magistrate Judge shall prepare a report and recommendation as to whether any settlement is a "fair and reasonable resolution of a bona fide dispute" over

---

[3] The uniform Case Management Report form is available on this Court's website at www.flmd.uscourts.gov.

[4] Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" is also available on this Court's website.

FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

7. Due to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines. Exceptions will be granted only for compelling reasons. Failure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings.

8. Until further order of this Court, all discovery in this case is **STAYED**, except as provided in this Order.

9. Either party, for good cause shown, may move to alter this schedule should circumstances warrant.

10. All parties must send courtesy copies to chambers of all filings that exceed 25 pages, inclusive of exhibits, regardless of whether the filing is done electronically or in paper.

11. The parties are advised that they have a continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

12. **The party filing this lawsuit is responsible for serving a copy of this Order and its attachments on all other parties.**

**DONE** and **ORDERED** in Jacksonville, Florida this 16th day of April, 2025.

MARCIA MORALES HOWARD
United States District Judge

Copies to:
    Counsel of Record
    Unrepresented Parties
Attachment:
    Court Interrogatories

# COURT'S INTERROGATORIES TO PLAINTIFF

1. During what period of time were you employed by the Defendant?

2. Who was your immediate supervisor?

3. Did you have a regularly scheduled work period? If so, specify.

4. What was your title or position? Briefly describe your job duties.

5. What was your regular rate of pay?

6. Provide an accounting of your claim, including:

    (a) dates

    (b) regular hours worked

    (c) over-time hours worked

    (d) pay received versus pay claimed

    (e) total amount claimed

7. When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

8. Was this complaint written or oral? (If a written complaint, please attach a copy).

9. What was your employer's response? (If a written response, please attach a copy).

10. Did you maintain any records of the hours you worked? If so, identify all such records.

STATE OF FLORIDA
COUNTY OF _____

The foregoing instrument was acknowledged before me by means of ___ physical presence or ___ online notarization, by _____, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

SWORN TO AND SUBSCRIBED before me by means of ___ physical presence or ___ online notarization, on this _____ day of _____, 2025.

                                           NOTARY PUBLIC

                                           _____
                                           Signature of Person Taking
                                           Acknowledgment
Notary Stamp                           Print Name:
                                           Title:   Notary Public
                                           Serial No. (if any):
                                           Commission Expires: