UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASMINE VIVEROS and )
ELSY QUIJADA, )
   **Plaintiffs,** )
)
v. ) Case No.:
GET CERTIFIED AMERICA!, ) 3:25-cv-00393-MMH-SJH
LLC., )
   **Defendant.** )
_____ )

## **PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

COMES NOW Plaintiffs, JASMINE VIVEROS and ELSY QUIJADA, through their undersigned counsel and hereby respectfully submit this response to the Court's Order to Show Cause as to why their claims should not be severed pursuant to Fed. R. Civ. P. 20 and 21. For the reasons set forth below, Plaintiffs assert that joinder is proper under Rule 20(a)(1) and severance is not warranted under Rule 21.

## **Legal Analysis**

Under Rule 20(a)(1), plaintiffs may join in one action if:

a) Their claims arise out of the same transaction or occurrence (or series thereof); and

b) There is at least one question of law or fact common to all plaintiffs.

Both requirements are satisfied in this case:

In the instant case, joinder is proper because Plaintiffs were both employed by Defendant as hourly employees and were not paid minimum

wages or overtime wages during many workweeks. Plaintiffs' claims are nearly identically and virtually indistinguishable. The claims arise out of the same occurrence, which is their employment with Defendant between 2021 and 2024.

Plaintiffs were both employed by Defendant as non-exempt hourly employees and were managed by the same individual, who exercised supervisory authority over their work schedules, assignments, *and payroll*. This reflects a unified operational structure within the company.

Moreover, both Plaintiffs assert that they were subject to the same unlawful company policy—namely, a systemic practice by Defendant of failing to pay lawful wages for hours worked. This practice applied uniformly across similarly situated employees and forms the core of each Plaintiff's claim.

It should be noted that there are numerous legal and factual issues common to both Plaintiffs, including but not limited to:

1. Whether Defendant maintained a policy of failing to compensate employees for all hours worked;
2. Whether Plaintiffs were "employees" under the FLSA and other applicable statutes;
3. Whether the failure to pay wages was willful or reckless;
4. The extent of damages and back pay owed under uniform wage statutes.

These shared questions satisfy the second prong of Rule 20(a)(1).

Even if the Court finds joinder technically permissible, it retains discretion to sever under Rule 21. However, doing so in this case would undermine judicial economy and impose undue burden on the Plaintiffs. However, severance would result in two nearly identical lawsuits, involving overlapping witnesses, facts, and evidence. This would duplicate discovery and motion practice, and would be an unnecessarily costly endeavor. Not to mention the strain on the judicial system.

The Defendant is already on notice of the claims and will face the same substantive issues regardless of joinder. There is no cognizable prejudice in addressing both Plaintiffs' claims together. Indeed, judicial efficiency and economy is served by addressing these nearly identical claims in one single action.

Defendant appears to be a small business and severing these cases would undoubtedly increase the expense associated with defending this matter. It would also increase the Plaintiffs' attorneys' fees if Plaintiffs' counsel were required to prosecute the claims separately. Plaintiffs are low-wage workers seeking redress for the same unlawful practices. Severing their cases may increase litigation costs and discourage full participation due to resource constraints.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court find that joinder is proper and deny severance of their claims. Plaintiffs' shared employment context, common management, and uniform company policy of wage violations support proceeding jointly in this matter.

DATED: April 30, 2025.

Respectfully submitted,

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road,
Suite 303,
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Attorney for Plaintiffs