UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
(JACKSONVILLE DIVISION)

JASMINE VIVEROS,

Plaintiff,                                        CASE NO.: 3:25-cv-00393-MMH-SJH

v.

GET CERTIFIED AMERICA!, LLC,

        Defendant.
_____/

## FLSA SETTLEMENT AND RELEASE AGREEMENT

        This FLSA Settlement and Release Agreement (this "Agreement") is entered by and between Jasmine Viveros, an individual (hereinafter referred to as "Plaintiff"), and Get Certified America!, LLC ("Defendant").  Plaintiff and Defendant are referred to herein, collectively, as the "Parties."

        **WHEREAS**, on April 11, 2025[1], Plaintiff filed a lawsuit in the United States District Court for the Middle District of Florida, Jacksonville Division, styled *Jasmine Viveros, et. al. v. Get Certified America!, LLC,* Case No. 3:25-cv-00393-MMH-SJH (the "Action"), alleging an action for damages for violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq. and the Florida Minimum Wage Act ("FMWA");

        **WHEREAS**, Defendant denies Plaintiff's allegations in the Action, and specifically denies any violations of the FLSA, FMWA or any related wage and hour laws;

        **WHEREAS**, for the purpose of avoiding the burden and expense of continued litigation, the Parties desire to fully and finally settle all FLSA and FMWA claims in the Action, including the reasonable amount of attorney's fees and costs for Plaintiff's claims in the Action (in lieu of having such amount determined by the Court), on the terms and conditions set forth in this Agreement;

---

[1] The Complaint was initially filed by two Plaintiffs and was later Amended on May 27, 2025 (Doc 17) following entry of the Court's Order severing the cases on May 13, 2025 (Doc 16).

Doc ID: 36c4f045c2048a6d77d10e163acd9f3e3efcddb9

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions:

1. **Recitals**. The foregoing recitals are true and correct, and are hereby incorporated herein by this reference, and form a material part of this Agreement.

2. **No Admission of Liability**. Plaintiff agrees and acknowledges that this Agreement is not and shall not be construed as an admission by Defendant, or any person or entity acting on their behalf, of any liability or of any act or wrongdoing whatsoever, including without limitation, any violation of: (1) any federal, state, or local law, statute, regulation, code, or ordinance; or (2) of any legal, common law, or equitable duty owed by the Defendant to any entity, regulatory authority, or individual.  The Parties are entering this Agreement merely to avoid the expense and uncertainty associated with protracted litigation of this matter.

3. **Settlement Payment**. Defendant shall pay the total sum of Fifteen Thousand Dollars and Zero Cents (**$15,000.00** USD) (the "**Settlement Amount**") in consideration for Plaintiff's release of claims and other promises and representations of Plaintiff made herein, and in full and final settlement of the Action, including the reasonable amount of attorney's fees and costs incurred by Plaintiff in this Action.

    a. The Settlement Amount shall be apportioned as follows:

        1. **Seven Thousand Five Hundred Dollars and Zero Cents (\$7,500.00 USD)**, less any withholdings or deductions required by law, payable by check to Jasmine Viveros. Plaintiff shall provide Defendant with a fully completed and executed IRS Form W-9, including her SSN or ITIN on or before the date of execution of this Agreement.

        2. **Seven Thousand Five Hundred Dollars and Zero Cents (\$7,500.00 USD)**, payable by check to Jasmine Viveros for which a 1099 shall be issued.  Plaintiff shall provide Defendant with a fully completed and executed IRS Form W-9 on or before the date of execution of this Agreement.

Doc ID: 36c4f045c2048a6d77d10e163acd9f3e3efcddb9

3. **Five Thousand Dollars and Zero Cents ($5,000.00 USD)**, which shall be made via check made payable to Lee Law, PLLC ("Plaintiff's Law Firm") for attorneys' fees and costs incurred by Plaintiff in connection with the Action. Defendant will cause an IRS Form 1099 to be issued to Plaintiff's Law Firm reflecting this amount, at the time and in the manner required by law.  Plaintiff's Law Firm must provide a fully completed and executed IRS Form W-9 to Defendant's counsel on or before the Effective Date of this Agreement.

b. The Settlement Amount will be paid in twelve installments as follows:

    i. <u>First Installment is due within thirty (30) days of the Court's approval of this Agreement</u>: $625.00 payable to Jasmine Viveros as wages (less applicable withholding); (ii) $625.00 payable to Jasmine Viveros, no withholding and (iii) $416.67 payable to Lee Law, PLLC for attorney's fees and costs.

    ii. The remaining Settlement Amount shall be paid in installments as follows:

| Due Date: | Made Payable to Plaintiff | Made Payable to Plaintiff's Law Firm |
| --- | --- | --- |
| 60 days from date of the Court's dismissal of this action | $625.00 (less applicable deductions and withholdings)<br><br>$625.00 (no withholding) | $416.67 |
| 90 days from date of the Court's dismissal of this action | $625.00 (less applicable deductions and withholdings)<br><br>$625.00 (no withholding) | $416.67 |

3

Doc ID: 36c4f045c2048a6d77d10e163acd9f3e3efcddb9

| 120_ days from date of the Court's dismissal of this action | $625.00 (less applicable deductions and withholdings)<br><br>$625.00 (no withholding) | $416.67 |
|---|---|---|
| 150 days from date of the Court's dismissal of this action | $625.00 (less applicable deductions and withholdings)<br><br>$625.00 (no withholding) | $416.67 |
| 180 days from date of the Court's dismissal of this action | $625.00 (less applicable deductions and withholdings)<br><br>$625.00 (no withholding) | $416.67 |
| 210 days from date of the Court's dismissal of this action | $625.00 (less applicable deductions and withholdings)<br><br>$625.00 (no withholding) | $416.67 |
| 240 days from date of the Court's dismissal of this action | $625.00 (less applicable deductions and withholdings)<br><br>$625.00 (no withholding) | $416.67 |
| 270 days from date of the Court's dismissal of this action | $625.00 (less applicable deductions and withholdings) | $416.67 |

Doc ID: 36c4f045c2048a6d77d10e163acd9f3e3efcddb9

| | $625.00 (no withholding) | |
|---|---|---|
| 300 days from date of the Court's dismissal of this action | $625.00 (less applicable deductions and withholdings)<br><br>$625.00 (no withholding) | $416.67 |
| 330 days from date of the Court's dismissal of this action | $625.00 (less applicable deductions and withholdings)<br><br>$625.00 (no withholding) | $416.67 |
| 360 days from date of the Court's dismissal of this action | $625.00 (less applicable deductions and withholdings)<br><br>$625.00 (no withholding) | $416.63 |

   c.   The checks for the Settlement Amount shall be delivered to Lee Law, PLLC 1971 Lumsden Road, Suite 303 Brandon, FL 33511.

   d.   **Default**: In the event of default by Defendant in making the installment payments, as scheduled above, Plaintiff, through her attorney(s), shall give notice to Defendant and Defendant's attorney, as outlined in Paragraph 8, below. Defendant shall then have eight (8) business days to cure the default without penalty or adverse consequence (the "Grace Period"). Defendant's failure to cure within the Grace Period shall be deemed an Uncured Default. **In the event of an Uncured Default, the entire amount due under this Agreement shall become immediately payable. Defendant shall also be responsible for and shall immediately pay all reasonable attorneys' fees and costs incurred by Plaintiff as a result of or in connection with the breach of this Agreement and any efforts to enforce its terms. In addition,**

5

the entire outstanding balance shall accrue interest at the applicable statutory judgment interest rate from the date of the Uncured Default until paid in full. This obligation and any claim arising from a breach of this Agreement shall be enforceable against Defendant.

e. **Tax Responsibilities:**

Plaintiff agrees, warrants, and acknowledges that Defendants shall have no responsibility whatsoever for the payment of any taxes for which Plaintiff is liable with respect to payments of the Settlement Amount. More specifically, Plaintiff agrees and acknowledges that, should any payments of the Settlement Amount be subject to any additional federal or state taxes (excluding the employer's lawful share of taxes and withholdings) (the "Additional Taxes"), Plaintiff shall bear the sole and exclusive responsibility for paying the Additional Taxes, as well as any interest and penalties imposed thereon by the Internal Revenue Service, and agree to indemnify and hold harmless Defendants to the extent that the Internal Revenue Service seeks to recover the Additional Taxes, as well as any interest and penalties imposed thereon by the Internal Revenue Service. Defendants, however, shall be responsible for submitting the funds withheld from the paychecks, if any as proscribed by Paragraph 3(a) above, to the appropriate taxing authorities.

f. **Court Approval of the Settlement Agreement and Dismissal of the Action:**

Upon execution of this Agreement, the Parties shall execute and file with the Court a Joint Motion to Approve Settlement and Dismiss Action with Prejudice and shall provide a copy of the Agreement to the court. The Parties acknowledge that this Agreement is conditioned upon final Court approval of the settlement and dismissal of the action with prejudice, and that the first installment of the Settlement Amount shall not be remitted until final Court approval of the Agreement is granted. The settlement is conditioned upon the Court reserving jurisdiction to enforce the terms of the Agreement pursuant to *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

4. Release of FLSA, Wage, and Hour Claims. This Agreement shall constitute a release of all claims Plaintiff might have against Defendants under the FLSA, or any similar wage and hour laws, as follows:

Doc ID: 36c4f045c2048a6d77d10e163acd9f3e3efcddb9

a.  Upon execution of this Agreement, the Parties shall file in the Action a Joint Motion for Approval of Settlement and Dismissal of this case with prejudice.

b.  In exchange for the consideration set forth in Paragraph 3, above, Plaintiff, for herself and her attorneys, heirs, executors, administrators, successors and assigns (collectively, the "Releasors"), hereby waives and releases, knowingly and willingly, Defendant, and any person or entity acting on behalf of Defendant (collectively, the "Releasees") from any and all wage, overtime, or retaliation claims of any nature whatsoever that Plaintiff has arising out of, or related to, the payment of regular or overtime wages for any work performed by Plaintiff (in all employment positions Plaintiff held with Defendant during her employment with Defendant) for any one or more of the Releasees, including, but not limited to, any claims Plaintiff may have under the FLSA, and any other applicable state, federal, county, or local ordinances, statutes or regulations, including claims of retaliation and claims for attorneys' fees, which relate to the payment of wages. Plaintiff also represents and certifies that he, after receiving the total Settlement Amount, has received full compensation (without compromise) for all hours worked and services performed for Releasees, and that no further payment for hours worked or services performed is due to Plaintiff by Releasees as of the Effective Date.

2)  <u>Waiver of Future Employment.</u> Plaintiff waives all rights to employment with Get Certified, its subsidiaries, and affiliated companies. Plaintiff agrees and recognizes that she was never an employee of Get Certified.   Plaintiff expressly waives any claim of or right to employment with Defendants and agrees that she will not now and will not in the future seek employment or independent contractor status with Defendants. Plaintiff further agrees that this Agreement is good and sufficient cause for Defendant to reject any such application for employment. In the event Plaintiff inadvertently becomes employed by Defendant, Plaintiff agrees that, upon learning of such inadvertence, she will immediately resign her employment, consistent with the terms of this Agreement.  If Plaintiff does apply for employment with Defendant, Defendant's Releasees, their subsidiaries, or any

Doc ID: 36c4f045c2048a6d77d10e163acd9f3e3efcddb9

of their affiliated companies, the Parties agree that Defendant, Defendant's
Releasees, their subsidiaries and their affiliated companies need not employ her,
and that if Defendant, Defendant's Releasees, their subsidiaries, and its affiliated
companies decline to employ her, they shall not be liable to Plaintiff for any cause
or damages whatsoever.

3) <u>Neutral Reference.</u> Upon any inquiry from Plaintiff's subsequent employer, or
from any prospective employer with whom Plaintiff has applied for employment,
regarding Plaintiff's prior employment or relationship with Defendant, Defendant
will provide such inquiring employer with only the following information: (a)
Plaintiff's initial date of work with Defendants; (b) Plaintiff's last date of work with
Defendant; and (c) the title of the position held (if any) by Plaintiff.

4) <u>Cooperation of Parties</u>. The Parties to this Agreement agree to cooperate in good
faith to prepare and execute all documents and to do all things reasonably
necessary to complete and effectuate the settlement described in this Agreement.

5) <u>No Pending or Future Claims.</u> Plaintiff represents that she has no suits, claims,
charges, complaints or demands of any kind whatsoever currently pending
against Defendant with any local, state, or federal court or any governmental,
administrative, investigative, civil rights or other agency or board based upon
events occurring prior to and including the Effective Date of this Agreement.
Plaintiff further represents and warrants that she has no knowledge of, and did
not witness, any acts of discrimination, retaliation, or any other acts or omissions
in violation of law by Defendant against any other current or former employee or
independent contractor of Defendant, unless such acts have been disclosed by
Plaintiff in a signed writing to Defendant's attorneys prior to the Effective Date,
and with sufficient detail so as to allow Defendant to conduct its own independent
investigation of the alleged acts.

6) <u>Incitement of Claims.</u> Plaintiff agrees that Plaintiff will not encourage or incite any
person including, but not limited to, other current or former employees or
independent contractors of Defendants to disparage or assert any complaint or
claim with any agency or in federal or state court against Defendants. Plaintiff
acknowledges that any incitement of others to file such claims would constitute a
material breach of this Agreement. Plaintiff further warrants and represents that
Plaintiff is unaware of any other person who may have a claim or cause of action
against Defendants for any reason.

Doc ID: 36c4f045c2048a6d77d10e163acd9f3e3efcddb9

7)      <u>No Construction Against Drafter.</u> This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

8)      <u>Notices.</u> Unless stated otherwise herein, any notice required or provided for under this Agreement shall be in writing and sent by electronic mail and by Certified Mail, return receipt requested, as follows:

<u>As to Plaintiff:</u>                          <u>As to Defendant</u>

Kyle J. Lee, Esq.                        Jesse Unruh, Esq.
Lee Law, PLLC                           Monica Monsalve-Burr, Esq.
1971 West Lumsden Road, Suite 303       Spire Law, PLLC
Brandon, FL 33511                        2572 W. State Rd 426, Suite 2088
Kyle@KyleLeeLaw.com                     Oviedo, FL 32765
                                         jesse@spirelawfirm.com
                                         monica@spirelawfirm.com
                                         filings@spirelawfirm.com

                                         <u>and</u>

                                         Henrietta Robinson
                                         Get Certified America!, LLC
                                         10960 Beach Blvd
                                         Lot 491
                                         Jacksonville, FL 32246
                                         hrobinson@getcertifiedamerica.com

9)      <u>Evidentiary Preclusion.</u> To support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file this Agreement.

10)     <u>Binding Nature of Agreement</u>. This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, assigns and successors and shall inure to the benefit of each party and their

Doc ID: 36c4f045c2048a6d77d10e163acd9f3e3efcddb9

respective heirs, administrators, representatives, executors, successors, and assigns.

11) <u>Headings.</u> The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

12) <u>Applicable Law and Venue</u>. This Agreement shall be governed by the laws of the State of Florida and any applicable federal law. Jurisdiction and venue for enforcement and/or prosecution of this Agreement shall lie exclusively in the United States District Court that presided over the underlying lawsuit (the "Federal Court"). The Parties agree and consent to the Federal Court's continuing jurisdiction for all purposes related to the interpretation, implementation, and enforcement of their Agreement, and agree that any action to enforce or challenge this Agreement shall be brought exclusively before that Court.

13) <u>Signatures in Counterparts.</u> This Agreement may be executed in counterparts, each of which shall be taken to be one and the same instrument, as if all Parties had executed the same signature page. A fax or scanned e-mail copy of any party's signature shall be deemed as legally binding as an original signature.

14) <u>Modification of Agreement</u>. This Agreement may not be amended, revoked, changed, or modified in any manner, except upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

15) <u>Entire Agreement.</u> This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings between them pertaining to the settlement.

16) <u>Effective Date.</u> This Agreement shall be effective on the date that the last Party executes this Agreement (the "Effective Date").

17) <u>Independent Investigation;</u> Receipt of Advice of Counsel. The Parties understand and acknowledge that they: (i) have performed an independent investigation of the allegations of fact and law made in connection with the Action; and (ii) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the

Doc ID: 36c4f045c2048a6d77d10e163acd9f3e3efcddb9

Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. It is the Parties' intention to resolve their disputes in connection with the Action pursuant to the terms of this Agreement now and therefore, in furtherance of their intentions, this Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.

**EACH PARTY ACKNOWLEDGES, AGREES AND SPECIFICALLY WARRANTS THAT THEY HAVE FULLY READ THIS AGREEMENT, AND HAVE RECEIVED INDEPENDENT LEGAL ADVICE WITH RESPECT TO THE ADVISABILITY AND LEGAL EFFECTS OF ENTERING THIS AGREEMENT, AND FULLY UNDERSTAND THE EFFECT OF THIS AGREEMENT. EACH PARTY TO THIS AGREEMENT WARRANTS THAT THEY ARE ACTING UPON THEIR OWN INDEPENDENT JUDGMENT AND UPON THE ADVICE OF THEIR OWN COUNSEL AND NOT IN RELIANCE UPON ANY WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OF ANY NATURE OR KIND BY ANY OTHER PARTY, OTHER THAN THE WARRANTIES AND REPRESENTATIONS EXPRESSLY MADE IN THIS AGREEMENT**

**EACH PARTY ACKNOWLEDGES, AGREES AND SPECIFICALLY WARRANTS THAT THEY HAVE FULLY READ THIS AGREEMENT, AND HAVE RECEIVED INDEPENDENT LEGAL ADVICE WITH RESPECT TO THE ADVISABILITY AND LEGAL EFFECTS OF ENTERING THIS AGREEMENT, AND FULLY UNDERSTAND THE EFFECT OF THIS AGREEMENT. EACH PARTY TO THIS AGREEMENT WARRANTS THAT THEY ARE ACTING UPON THEIR OWN INDEPENDENT JUDGMENT AND UPON THE ADVICE OF THEIR OWN COUNSEL AND NOT IN RELIANCE UPON ANY WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OF ANY NATURE OR KIND BY ANY OTHER PARTY, OTHER THAN THE WARRANTIES AND REPRESENTATIONS EXPRESSLY MADE IN THIS AGREEMENT.**

**IN WITNESS WHEREOF**, the undersigned have hereunto caused the foregoing FLSA Settlement and Release Agreement to be signed as follows:

**PLAINTIFF:**                                    **DEFENDANT:**

Doc ID: 36c4f045c2048a6d77d10e163acd9f3e3efcddb9

_____
JASMINE VIVEROS

GET CERTIFIED AMERICA!, LLC,

By: _____
Its: _____

Date: ___02 / 25 / 2026_____

Date: _____

Doc ID: bfd0fabcdb870e039f311ece6b0724da869d614b

GET CERTIFIED AMERICA!, LLC,

_____

JASMINE VIVEROS

*Henrietta Robinson*

By: _____

Its: _____
       Owner

Date: _____

Date: _____
        02 / 24 / 2026

12

Doc ID: 36c4f045c2048a6d77d10e163acd9f3e3efcddb9